CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 27 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

ROBERT WRIGHT,
    Petitioner,

v.

COMMONWEALTH OF VIRGINIA,
    Respondent.

Civil Action No. 7:08-cv-00326

**MEMORANDUM OPINION**

By:   Hon. Jackson L. Kiser
Senior United States District Judge

Petitioner, a Virginia inmate proceeding pro se, has submitted to the court a pleading styled "Petition for Writ of Mandamus." As petitioner ultimately appears to be challenging the dismissal of his state habeas petition, I will construe this pleading as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. However, court records indicate that petitioner has previously filed other § 2254 petitions concerning the same conviction, Civil Action No. 7:01-cv-00795 and Civil Action No. 7:02-cv-537. Thus, petitioner's current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. Because petitioner has not submitted any evidence that he has obtained such certification by the United States Court of Appeals for the Fourth Circuit, I will dismiss the petition without prejudice as successive.[1,2]

---

[1] A form and instructions for filing a request for certification to file a subsequent petition are available from the United States Court of Appeals for the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main Street, Richmond, VA, 23219.

[2] Petitioner filed his first federal habeas petition, Civil Action No. 7:01-cv-00795, on October 16, 2001; however, the petition was sua sponte dismissed on October 31, 2001, for failure to exhaust. Petitioner filed another federal habeas petition, Civil Action No. 7:02-cv-00537, on March 29, 2002, which was dismissed as untimely on April 28, 2003. Petitioner then filed a motion to reconsider judgment and reopen case, pursuant to Federal Rules of Civil Procedure 59 and 60, alleging that petitioner's first federal habeas petition was erroneously dismissed because his claims, at least in part, were exhausted. That motion was denied on November 12, 2003. Petitioner appealed both dismissals and the November 12, 2003 denial of his motion on December 9, 2003. The appeal related to Civil Action No. 7:01-cv-00795 was dismissed on January 14, 2004, and the appeal related to Civil Action No. 7:02-cv-00537, including the November 12, 2003 denial, was dismissed on August 2, 2004. The crux of petitioner's current complaint stems from his allegation that his first federal habeas petition was erroneously dismissed. Petitioner contends that he did exhaust his claims by filing them in the Supreme Court of Virginia and that his state habeas petition was dismissed on May 7, 2001. Electronic state court records confirm that petitioner's state habeas petition was dismissed by the Supreme Court of Virginia on that date; however, petitioner's first federal habeas petition indicates that his state habeas petition in the

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 27th day of May, 2008.

                                                Senior United States District Judge

---

"Bedford County Circuit Court" was dismissed on May 7, 2001. Accordingly, it was not clear from the face of the petition that he had submitted his state habeas petition to the Supreme Court of Virginia. Regardless, it appears that the only claim presented to the Virginia Supreme Court was that petitioner was denied effective assistance of counsel because counsel failed to request an evidentiary hearing concerning petitioner's competency. This claim fails on the merits as petitioner, in his previous habeas petitions, merely indicates that he was taking certain medication to support his claim of incompetency and fails to address the fact that the court appointed a psychiatrist to examine and evaluate petitioner and determined that he was sane and competent to stand trial. Conclusory allegations are insufficient to state a claim. Thus, I could not find that the Supreme Court of Virginia's rejection of his ineffective assistance of counsel claim was contrary to clearly established principles, involved an objectively unreasonable application of Strickland v. Washington, 466 U.S. 668, 687 (1984), or was based on an unreasonable determination of the facts. Moreover, as petitioner failed to present any of the other claims presented in his first or second federal habeas petition to the Supreme Court of Virginia, those claims are simultaneously exhausted and defaulted for the purposes of federal habeas review. See Harris v. Reed, 489 U.S. 255, 262 (1989); Basette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Furthermore, upon review of the record, I find that the current petition is untimely under the one year statute of limitations applicable to § 2254 petitions, pursuant to 28 U.S.C. § 2244(d). The date of petitioner's judgment of conviction was September 17, 1999. Even tolling the time during which his state habeas petitions and first and second federal habeas petitions and the subsequent appeals were pending, petitioner brings this petition well beyond the requisite one year statute of limitations and provides no excuse for this extreme delay. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Indeed, even if I tolled the statute of limitations during the time that the first federal habeas petition was pending, the second habeas petition would still have been untimely. Finally, it is clear that petitioner's underlying complaint, that his first federal habeas petition was erroneously dismissed, has been considered and addressed by the United States Court of Appeals for the Fourth Circuit. A petitioner may not relitigate a claim which the Court of Appeals has already fully considered and decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Accordingly, even if this petition were not successive, petitioner would find no relief in this court.